UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

YEHUDA KATZ, on behalf of himself and the
class,

Plaintiff,

-against-

BOWLMOR TIMES SQUARE, LLC,

Defendant.

------------------------------------------------x

Case No.: 12-CV-5197 (RS)

**ANSWER TO COMPLAINT**

Defendant, Bowlmor Times Square, LLC ("Bolwmor"), by its attorneys, Gordon & Rees, LLP, as and for its answer to the complaint filed by Yehuda Katz ("Plaintiff"), respectfully alleges as follows:

## ANSWERING "INTRODUCTION"

1.     Denies the allegations contained in paragraph "1" of the complaint except admits that Plaintiff purports to assert such claims.

2.     Denies the allegations contained in paragraph "2" of the complaint and respectfully refers all questions of law to the Court.

3.     Denies the allegations contained in paragraph "3" of the complaint and respectfully refers all questions of law to the Court.

4.     Denies the allegations contained in paragraph "4" of the complaint and respectfully refers all questions of law to the Court.

5.     Denies the allegations contained in paragraph "5" of the complaint and respectfully refers all questions of law to the Court.

1

6.      Denies the allegations contained in paragraph "6" of the complaint and respectfully refers all questions of law to the Court.

7.      Denies the allegations contained in paragraph "7" of the complaint and respectfully refers all questions of law to the Court.

8.      Denies the allegations contained in paragraph "8" of the complaint and respectfully refers all questions of law to the Court.

9.      Denies the allegations contained in paragraph "9" of the complaint and respectfully refers all questions of law to the Court.

## ANSWERING "JURISDICTION AND VENUE"

10.     In response to the allegations set forth in paragraph "10" of the complaint, Bolwmor respectfully refers all questions of law to the Court.

11.     Denies the allegations contained in paragraph "11" of the complaint.

12.     Denies the allegations contained in paragraph "12" of the complaint and respectfully refers all questions of law to the Court.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     Denies the allegations contained in paragraph "14" of the complaint except admits that it is a Delaware limited liability company with an address at 222 West 44th Street, New York, New York.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Denies the allegations contained in paragraph "16" of the complaint.

## ANSWERING "FACTS RELATED TO PLAINTIFF'S TRANSACTION"

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Admits the allegations contained in paragraph "18" of the complaint.

19. Denies the allegations contained in paragraph "19" of the complaint.

20. Denies the allegations contained in paragraph "20" of the complaint.

**ANSWERING "CLASS ACTION ALLEGATIONS"**

21. Denies each and every allegation set forth in paragraph "21" of the complaint except admits that Plaintiff purports to bring this suit as a class action.

22. Denies each and every allegation set forth in paragraph "22" of the complaint except admits that Plaintiff purports to represent such a class.

23. Denies the allegations contained in paragraph "23" of the complaint and respectfully refers all questions of law to the Court.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations contained in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations contained in paragraph "27" of the complaint and respectfully refers all questions of law to the Court.

28. Denies the allegations contained in paragraph "28" of the complaint.

29. Denies the allegations contained in paragraph "29" of the complaint and respectfully refers all questions of law to the Court.

30. Denies the allegations contained in paragraph "30" of the complaint and respectfully refers all questions of law to the Court.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Denies the allegations contained in paragraph "32" of the complaint and respectfully refers all questions of law to the Court.

## ANSWERING "SUBSTANTIVE VIOLATION"

33.     Denies the allegations contained in paragraph "33" of the complaint and respectfully refers all questions of law to the Court.

34.     Denies the allegations contained in paragraph "34" of the complaint and respectfully refers all questions of law to the Court.

35.     Denies the allegations contained in paragraph "35" of the complaint and respectfully refers all questions of law to the Court.

36.     Denies the allegations contained in paragraph "36" of the complaint and respectfully refers all questions of law to the Court.

37.     Denies the allegations contained in paragraph "37" of the complaint.

38.     Denies the allegations contained in paragraph "38" of the complaint.

39.     Denies the allegations contained in paragraph "39" of the complaint and respectfully refers all questions of law to the Court.

40.     Denies each and every allegation set forth in paragraph "40" of the complaint except admits that Plaintiff purports to seek the imposition of statutory damages, costs of suit and attorney's fees.

## ANSWERING "PRAYER FOR RELIEF"

41.     Denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be time barred, in whole or part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff may be barred or limited from recovering damages based on a failure to mitigate said damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with all conditions precedent for some or all of the claims asserted in the complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in, whole or in part, by the doctrines of waiver and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Bowlmor.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join parties necessary or indispensable to the claims of the class.

## NINTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff, and others claimed to be members of the putative class, lack standing to assert their claims or seek some or all of the relief requested.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the claimed violations are de minimis.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and others claimed to be members of the putative class have sustained no damages as a result of any action or inaction on the part of Bowlmor.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because Plaintiff's alleged damages were not legally or proximately caused by any acts or omissions of Bowlmor.

6

## FOURTEENTH AFFIRMATIVE DEFENSE

Bowlmor has no liability in this action because the posted fee notices were removed, damaged, or altered by someone other than Bowlmor.

## FIFTEENTH AFFIRMATIVE DEFENSE

Bowlmor has no liability in this action because the alleged absence of a fee notice, which absence is denied, was caused by a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SIXTEENTH AFFIRMATIVE DEFENSE

Bowlmor has no liability in this action because its acts or omissions were made in good faith reliance on a rule, regulation, interpretation or model form of the Bureau of Consumer Financial Protection or the Federal Reserve Board.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Bowlmor reserves the right to add further affirmative defenses as warranted by the development of the factual record in this case.


**WHEREFORE,** Bowlmor demands judgment dismissing the Plaintiff's complaint against it, together with the costs and disbursements of this action and all other and further relief that this Court deems just and proper.

Dated:      New York, New York
            September 11, 2012

                                    Respectfully Submitted,

                                    GORDON & REES, LLP

                                    By:  _____
                                         Michael Vollbrecht (MV 1118)

7

Ryan Sestack
*Attorneys for Defendant*
Bowlmor Times Square LLC
90 Broad Street, 23rd Floor
New York, NY  10004
(212) 269-5500


TO:   Shimshon Wexler, Esq.
      The Law Offices of Shimshon Wexler, PC
      *Attorneys for Plaintiff*
      Yehuda Katz
      2710 Broadway, 2nd Floor
      New York, NY 10025
      (212) 760-2400


      ATM Network, Inc.
      10749 Bren Road East
      Minnetonka, MN 55343

LVL/1082730/13470588v.1