UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

YEHUDA KATZ, on behalf of himself and the
class,

        Plaintiff,     Case No.: 12-CV-5197 (RS)

    -against-

              **THIRD PARTY COMPLAINT**

BOWLMOR TIMES SQUARE, LLC,

        Defendant.

---------------------------------------------------------x

BOWLMOR TIMES SQUARE, LLC,

      Third-Party Plaintiff,

    -against-

ATM NETWORK, INC.,

      Third-Party Defendant.

---------------------------------------------------------x

Now comes Defendant/Third-Party Plaintiff Bowlmor Times Square, LLC ("Bowlmor"), and alleges as follows:

## GENERAL ALLEGATIONS

1. Bowlmor is, and at all times relevant was, a limited liability company organized and existing under the laws of the State of Delaware and authorized to transact business in the State of New York.

2. Bowlmor is a named defendant in the complaint in the main action.

3.      Third-Party defendant, ATM Network, Inc. ("Third-Party Defendant"), is a corporation organized and existing under the laws of the State of Minnesota with a principal place of business at 10749 Bren Road East, Minnetonka, Minnesota 55343.

4.      Third-Party Defendant and Bowlmor entered a contract for the placement of an automated teller machine ("ATM") at 222 West 44th Street, New York, New York (the "Premises"). A copy of the contract is annexed hereto as Exhibit "A."

5.      Third-Party Defendant is the sole owner and sole operator of the ATM located at the Premises.

6.      Third-Party Defendant is the sole transaction processor of and sole surcharge fee collector for the ATM located at the Premises.

7.      The main complaint, filed on July 03, 2012 by plaintiff, Yehuda Katz ("Plaintiff"), is incorporated by reference to illustrate the allegations, not for the truth of those allegations, which Bowlmor has denied. A copy of the complaint is annexed hereto as Exhibit "B."

8.      Plaintiff alleges violations of the Electronic Fund Transfer Act, specifically 15 U.S.C. § 1693b(d)(3)(A), § 1693b(d)(3)(B), § 1693b(d)(3)(C), and 12 C.F.R. § 205.16 involving the ATM located at the Premises.

### JURISDICTION AND VENUE

9.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693 *et. seq.*

10.     Plaintiff alleges the claims arose in this judicial district.

11.     Third-Party Defendant is the sole owner and sole operator of the ATM located in this judicial district.

12.   Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which Plaintiff alleges a substantial part of the acts and omissions giving rise to the claims occurred.

## FIRST CAUSE OF ACTION

13.   If Plaintiff sustained damages as alleged in the main complaint, which is denied, it was due to the violations of 15 U.S.C. § 1693b(d)(3)(A), § 1693b(d)(3)(B), § 1693b(d)(3)(C), and 12 C.F.R. § 205.16 by Third-Party Defendant or its agents, servants, or employees.

14.   If a judgment or settlement is recovered by Plaintiff from Bowlmor, such recovery will have come about because of the aforesaid statutory violations by Third-Party Defendant.

15.   By reason of the foregoing, Third-Party Defendant is liable to Bowlmor for common-law indemnification or contribution for Bowlmor's proportionate share of any judgment or settlement that Plaintiff may recover from Bowlmor.

## SECOND CAUSE OF ACTION

16.   The contract between Third-Party Defendant and Bowlmor required Third-Party Defendant to operate the ATM in compliance with all applicable laws, rules and regulations.

17.   If Plaintiff sustained damages as alleged in the main complaint, which is denied, it was due to the breach of contract by Third-Party Defendant or respective agents, servants, or employees.

18.   If a judgment or settlement is recovered by Plaintiff from Bowlmor, such recovery will have come about because of the contractual breach by Third-Party Defendant.

19.   By reason of the foregoing, Third-Party Defendant is liable to Bowlmor for contractual indemnification for Bowlmor's proportionate share of any judgment or settlement that Plaintiff may recover from Bowlmor.

### THIRD CAUSE OF ACTION

20.     If Plaintiff sustained damages as alleged in the main complaint, which is denied, it was due to the negligence of Third-Party Defendant or its agents, servants, or employees.

21.     If a judgment or settlement is recovered by Plaintiff from Bowlmor, such recovery will have come about because of the negligence of Third-Party Defendant.

22.     By reason of the foregoing, Third-Party Defendant is liable to Bowlmor for common-law indemnification or contribution for Bowlmor's proportionate share of any judgment or settlement that Plaintiff may recover from Bowlmor.

**WHEREFORE**, Bolwmor demands judgment over and against Third-Party Defendant for the proportionate share of any judgment which may be recovered by Plaintiff against Bowlmor, together with costs, disbursements, and attorney's fees accrued thereon.

Dated:     New York, New York
           September 11, 2012

Respectfully Submitted,

GORDON & REES, LLP

By: _____

Michael Vollbrecht
Ryan Sestack
*Attorneys for Defendant*
Bowlmor Times Square LLC
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 269-5500

TO:     ATM Network, Inc.
        10749 Bren Road East
        Minnetonka, MN 55343

Shimshon Wexler, Esq.
The Law Offices of Shimshon Wexler, PC
*Attorneys for Plaintiff*
Yehuda Katz
2710 Broadway, 2nd Floor
New York, NY 10025
(212) 760-2400