UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| YEHUDA KATZ,<br>on behalf of himself and the class<br><br>    Plaintiff,<br><br>v.<br><br>ATM NETWORK, INC;<br>BOWLMOR TIMES SQUARE LLC;<br>CARDTRONICS USA, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 12-cv-5197 (RJS)<br>)<br>) **CLASS ACTION**<br>)<br>)<br>)<br>)<br>)<br>) |

## CARDTRONICS' ANSWER TO PLAINTIFF'S
## CLASS-ACTION AMENDED COMPLAINT

Defendant Cardtronics USA, Inc. ("Cardtronics"), by and through its attorneys, hereby responds to the Class-Action Amended Complaint ("Complaint") of Plaintiff Yehuda Katz on behalf of himself and the class ("Plaintiff") as follows:

## ANSWER

Cardtronics adopts for convenience the headings used in the Complaint as reference only, and denies any allegations implied thereby.

## INTRODUCTION

1. Paragraph 1 of the Complaint states a conclusion of law as to which no response is required.

2. Paragraph 2 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 2 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

3. Paragraph 3 of the Complaint states a conclusion of law as to which no response is required.

4. Paragraph 4 of the Complaint states a conclusion of law as to which no response is required.

5. Paragraph 5 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 5 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

6. Paragraph 6 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 6 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

7. Paragraph 7 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 7 is quoting the regulation, the language speaks for itself and any attempt to characterize the language is denied.

8. Paragraph 8 of the Complaint states a conclusion of law as to which no response is required.

9. Paragraph 9 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 9 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint states a conclusion of law as to which no response is required.

11. Cardtronics admits that it is the operator of the ATM relevant to this lawsuit. Except as specifically admitted, Paragraph 11 states a conclusion of law as to which no response is required.

12. Paragraph 12 of the Complaint states a conclusion of law as to which no response is required.

## PARTIES

13. Cardtronics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that basis denies each and every allegation.

14. Cardtronics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that basis denies each and every allegation.

15. Denied.

16. Cardtronics admits that it is a Delaware corporation with offices at 3250 Briarpark Dr., Suite 400 in Houston, Texas 77042.  Cardtronics admits that it acquired the assets, but not the liabilities, of ATM Network, Inc. on or about August 7, 2012.

17. Cardtronics admits that it is currently the operator of the ATM relevant to this lawsuit, but denies that it was the operator of the ATM at the time of Plaintiff's transaction. Except as specifically admitted, the remainder of Paragraph 17 states a conclusion of law as to which no response is required and to which Cardtronics lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on the basis denies each and every remaining allegations.  To the extent that Paragraph 17 is quoting the regulation, the language speaks for itself and any attempt to characterize the language is denied.

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

18. Cardtronics is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis denies each and every allegation.

19. Cardtronics admits that it does not hold any account of Plaintiff.

20. The allegations in Paragraph 20 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 20 states allegations of fact, Cardtronics is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies each and every allegation.

21. The allegations in Paragraph 21 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 21 states allegations of fact, Cardtronics denies that it charged a usage fee for the relevant ATM.

## CLASS ACTION ALLEGATIONS

22. Paragraph 22 of the Complaint states a conclusion of law as to which no response is required.

23. Cardtronics denies that it charges a "terminal owner fee." The remaining allegations of Paragraph 23 of the Complaint state a conclusion of law as to which no response is required.

24. The allegations in Paragraph 24 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 24 states allegations of fact, Cardtronics denies them.

25. The allegations in Paragraph 25 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 25 states allegations of fact, Cardtronics denies them.

26. The allegations in Paragraph 26 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 26 states allegations of fact, Cardtronics denies them.

27. Paragraph 27 of the Complaint states a conclusion of law as to which no response is required.

28. The allegations in Paragraph 28 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 28 states allegations of fact, Cardtronics denies them.

29. The allegations in Paragraph 29 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 29 states allegations of fact, Cardtronics is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis denies each and every allegation. Further,

Cardtronics denies that it was the operator of the relevant ATM for transactions occurring prior to purchasing ATM Network, Inc.'s assets on or about August 7, 2012.

30. The allegations in Paragraph 30 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 30 states allegations of fact, Cardtronics denies them.

31. The allegations in Paragraph 31 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 31 states allegations of fact, Cardtronics denies them.

32. The allegations in Paragraph 32 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 32 states allegations of fact, Cardtronics denies them.

33. The allegations in Paragraph 33 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 33 states allegations of fact, Cardtronics denies them.

## SUBSTANTIVE VIOLATION

34. Paragraph 34 of the Complaint states a conclusion of law as to which no response is required.

35. Paragraph 35 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 35 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

36. Paragraph 36 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 36 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

37. Paragraph 37 of the Complaint states a conclusion of law as to which no response is required.

38. The allegations in Paragraph 38 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 38 states allegations of fact, Cardtronics

denies them.  Further, Cardtronics denies that it was the operator of the relevant ATM during the time of Plaintiff's transaction.

39. The allegations in Paragraph 39 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 39 states allegations of fact, Cardtronics denies them.  Further, Cardtronics denies that it was the operator of the relevant ATM during the time of Plaintiff's transaction.

40. The allegations in Paragraph 40 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 40 states allegations of fact, Cardtronics denies them.

41. The allegations in Paragraph 41 of the Complaint state conclusions of law as to which no response is required.

42. The allegations in Paragraph 42 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 42 states allegations of fact, Cardtronics denies them.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a valid claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statutory Safe Harbor)

Cardtronics has no liability to Plaintiff pursuant to 15 U.S.C. § 1693h(d).  Prior to the incident complained of, Cardtronics had the appropriate notice posted on the relevant ATM.  The notice was subsequently removed by a third party and not by Cardtronics.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff is not entitled to recover as Plaintiff has waived any right to recovery by virtue of Plaintiff's conduct herein.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff, as result of Plaintiff's own conduct, is estopped from prevailing on Plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff, as result of Plaintiff's own conduct, is barred from obtaining any relief against Cardtronics under the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Wrongful Acts of Third Parties)

Individuals other than Cardtronics were careless and negligent in and about the matters alleged and that said carelessness and negligence on their part proximately contributed to and/or caused Plaintiff's damages, if any, and that should Plaintiff recover any damages, Cardtronics is entitled to have such damages reduced or eliminated to the extent the third parties caused or contributed to such damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Cardtronics has at all times acted in good faith and with reasonable procedures in place to fully comply with the EFTA and other applicable regulations. As determined by the United

States District Court for the Southern District of California, Cardtronics has procedures in place that entitle it to assert good faith compliance.

### EIGHTH AFFIRMATIVE DEFENSE

#### (No Damages)

Plaintiff is not entitled to recover as Plaintiff has sustained no damages.

### NINTH AFFIRMATIVE DEFENSE

#### (Bona Fide Error)

If the required notice was not on the ATM at issue, this violation was not intentional and resulted from a bona fide error notwithstanding Cardtronics' maintenance of procedures reasonably adapted to avoid any such error.  15 U.S.C. § 1693m(c).  As determined by the United States District Court for the Southern District of California, Cardtronics has procedures in place that entitle it to assert this statutory defense.

### TENTH AFFIRMATIVE DEFENSE

#### (No Liability)

Cardtronics acquired the assets of ATM Network, Inc., but did not acquire the liabilities.  Therefore, Cardtronics is not liable for this action, which is based entirely on a transaction that occurred prior to Cardtronics' acquisition of the assets of ATM Network, Inc.

### RESERVATION OF DEFENSES

Cardtronics presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses.  Cardtronics reserves the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

### PRAYER FOR RELIEF

Cardtronics respectfully requests that the Court:

(1) Dismiss the Class-Action Amended Complaint with prejudice in its entirety and/or enter judgment in Cardtronics' favor and against Plaintiff;

(2) Grant Cardtronics its attorneys' fees and costs to the extent recoverable under the law; and

(3) Award Cardtronics any other relief the Court deems just and equitable.

Dated:  October 17, 2012              Respectfully submitted,

*/s/ Douglas P. Lobel*
Douglas P. Lobel (DL-3894)
COOLEY LLP
11951 Freedom Drive
Reston, Virginia 20190
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
Email:  dlobel@cooley.com

Of Counsel:

David A. Vogel (VA Bar No. 48971)
COOLEY LLP
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
Email:  dvogel@cooley.com

*Attorneys for Cardtronics USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2012, I caused the foregoing **CARDTRONICS' ANSWER TO PLAINTIFF'S CLASS-ACTION AMENDED COMPLAINT** to be served via the Court's ECF system and first class mail upon:

>Shimshon Wexler, Esq.
>The Law Offices of Shimshon Wexler, PC
>PO Box 250870
>New York, NY 10025

>*/s/ Douglas P. Lobel*
>Douglas P. Lobel (DL-3894)
>COOLEY LLP
>11951 Freedom Drive
>Reston, Virginia 20190
>Telephone: (703) 456-8000
>Facsimile: (703) 456-8100
>Email: dlobel@cooley.com

534735 /RE